UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMEICA BAKER, *et al.*              CIVIL ACTION

VERSUS                                NO. 23-2078

AMAZON LOGISTICS, INC., *et al.*      SECTION M (2)

## ORDER & REASONS

Before the Court is a motion filed by plaintiffs Tameica Baker, Alrick Baker, Jr., Kalila Baker,[1] and Shushana Edwards[2] (collectively, "Plaintiffs") to remand this matter to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.[3] Defendants Amazon Logistics, Inc. ("Amazon") and Lancer Insurance Company ("Lancer") respond in opposition,[4] and Plaintiffs reply in further support of their motion.[5] Defendants file a surreply in further opposition to the motion.[6] Having considered the parties' memoranda, the record, and the applicable law, this Court issues this Order & Reasons granting Plaintiffs' motion to remand.

I.   BACKGROUND

This matter involves a claim against multiple defendants arising out of a car accident eventuating in a fatality. On June 5, 2023, on Interstate 10 in Biloxi, Mississippi, Alrick Baker's vehicle was struck when an Amazon tractor trailer driven by Cynthia Kirksey attempted to pass

---

[1] Tameica Baker, Alrick Baker, Jr., and Kalila Baker appear individually and on behalf of the decedent, Alrick Baker, who was Tameica's husband and Alrick Jr. and Kalila's father.
[2] Shushana Edwards brings claims on behalf of her minor children, who are also Alrick Sr.'s children.
[3] R. Doc. 12.
[4] R. Docs. 18; 19. Lancer adopts Amazon's legal argument; therefore, the Court refers only to Amazon's opposition in this Order & Reasons.
[5] R. Doc. 26.
[6] R. Doc. 31.

him.[7] As a result of the collision, Baker's vehicle was forced off the roadway and burst into flames, which caused significant burns to his body and ultimately led to his death.[8]

Plaintiffs brought this action in state court seeking damages for Baker's death.[9] Plaintiffs assert that the accident was caused by Amazon's negligence in failing to adhere to its obligations and duties under the law and its contract with B3 Logistics, LLC ("B3").[10] In addition to naming the Amazon entities,[11] Plaintiffs sued B3, Brian Davis, Kirksey, Ontime Carriers, LLC, Lancer, Prime Insurance Company ("Prime Insurance"), Great American Assurance Company ("Great American"), Mohave Transportation Insurance Company, and five individual Amazon employees (the "Amazon Supervisors"): Michael Davis, Murzuka Afrida, Justin Walker, Renee Mota, and Germaine White.[12]

On June 15, 2023, Amazon removed the action to this Court on the basis of a diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.[13] In its notice of removal, Amazon contends that, although the Amazon Supervisors are said to be citizens of Louisiana, their citizenship should not be considered in determining diversity jurisdiction because, as employees of Amazon, none can be personally liable to Plaintiffs.[14] Thus, according to Amazon, Baker improperly joined the Amazon Supervisors to defeat federal diversity subject-matter jurisdiction.[15] Lancer filed a consent to removal on June 26, 2023.[16] Together, B3

---

[7] R. Doc. 12-3 at 7.
[8] *Id.* at 8.
[9] *Id.* at 1-18.
[10] *Id.* at 9.
[11] Plaintiffs sued Amazon.com, Inc., as well as Amazon. *Id.* at 2.
[12] *Id*. at 2-4.
[13] R. Doc. 4 at 1-3.
[14] *Id.* at 5.
[15] *Id.*
[16] R. Doc. 9.

and Brian Davis filed a consent to removal on June 27, 2023.[17]  The next day Plaintiffs filed the instant motion to remand.[18]

## II. PENDING MOTION

In their motion to remand, Plaintiffs raise two issues with respect to Amazon's removal. First, Plaintiffs argue that the nondiverse Amazon Supervisors are properly joined, and, as a result, this Court lacks subject-matter jurisdiction.[19]  Second, Plaintiffs assert that removal is improper because Amazon did not obtain the consent of all served defendants prior to removal as required by 28 U.S.C. § 1446(b)(2)(A).[20]  To their motion, Plaintiffs attach proofs of service on Brian Davis (reflecting service on June 5, 2023), Renee Mota (June 12, 2023), Amazon (June 13, 2023), Lancer (June 13, 2023), Great American (June 13, 2023), Prime Insurance (June 13, 2023), and Michael Davis (June 20, 2023).[21]  With its § 1447 compliance memorandum filed on July 3, 2023, Amazon submitted these same service returns as well as the completed return for defendant Germaine White (reflecting service on June 1, 2023).[22]

In opposition to the motion to remand, Amazon argues that Plaintiffs' complaint does not state any valid claims against the Amazon Supervisors under Louisiana law, meaning, says Amazon, that these nondiverse defendants are improperly joined and should be disregarded, and, as a consequence, this Court has diversity jurisdiction.[23]  However, Amazon does not address the issue of consent.[24]

---

[17] R. Doc. 10.
[18] R. Doc. 12 at 1-2.
[19] R. Doc. 12-1 at 6-13 (quoting *Williamson v. Aramark Schools Facilities, LLC*, 2017 WL 5761626, at *4-6 (M.D. La. Oct. 30, 2017)).
[20] *Id.* at 13.
[21] R. Doc. 12-4 at 1-9.
[22] R. Doc. 15-1 at 42, 98-103.
[23] R. Doc. 18 at 5.
[24] R. Doc. 18.

Plaintiffs then sought leave to file a reply brief, in which they again urge that the lack of complete diversity and the failure to obtain proper consent warranted remand.[25] Amazon opposed Plaintiffs' motion for leave in part, claiming that Plaintiffs failed to raise the issue of consent in their original motion to remand.[26] Finding that the issue of consent was indeed raised by Plaintiffs in their motion to remand, this Court permitted the filing of the reply brief.[27] In a surreply (which the Court also allowed), Amazon argues that, at the time of removal, the state-court record reflected completed service for only Germaine White, one of the Amazon Supervisors who Amazon contends is improperly joined and thus should be disregarded.[28] Alternatively, Amazon asks in the surreply that, if additional defendants were served prior to removal, this Court apply an exception to the rule of unanimity due to exceptional circumstances.[29] Lastly, Amazon suggests that the Court allow the properly joined and served defendants to first make their appearance and then take a position as to whether they consent to the removal of this matter.[30]

On July 17, 2023, five days after filing its surreply, Amazon filed a document titled "proof of consent to removal" purporting to be proof that insurers Prime Insurance and Great American consented to the removal.[31] To this document, Amazon attached emails from Prime Insurance's counsel dated July 13, 2023, and Great American's counsel dated July 14, 2023, communicating that the insurance companies consent to the removal.[32] Plaintiffs argue that Amazon's proof of

---

[25] R. Docs. 20 at 1; 20-3 at 2-6 (proposed reply brief); 26 at 2-6 (reply brief).
[26] R. Doc. 21 at 2.
[27] R. Doc. 25 at 1 (citing R. Doc. 12 at 13).
[28] R. Doc. 31 at 2.
[29] *Id.* at 2-3 (citing *Wagner v. Gov. Emps. Ins. Co.,* 2019 WL 626430 (E.D. La. Feb. 14, 2019)).
[30] *Id.* at 3.
[31] R. Doc. 32.
[32] R. Doc. 32-1 at 1-4. Counsel for Prime Insurance writes, "You have Prime's consent." Counsel for Great American responds, "Yes, thank you!," to an email from Amazon's counsel asking, "Just so I'm clear, Great American consents to removal?"

4

consent is untimely as both it and the alleged consents (*i.e.,* the emails) were filed outside the 30-day time period allowed for consents to removal under 28 U.S.C. 1446(b).[33]

### III. LAW AND ANALYSIS

#### A. Removal Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

#### B. Rule of Unanimity

Procedural requirements for removal are set forth in 28 U.S.C. § 1446(b). To remove a case, a defendant must file a notice of removal within 30 days of service on the defendant. *Id.* § 1446(a)-(b)(1). All defendants who have been "properly joined and served" must join in or consent to the removal of the action. *Id.* § 1446(b)(2)(A). According to the Fifth Circuit, this "rule of unanimity" requires that each served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant, or from some person or entity

---

[33] R. Doc. 33 at 2.

purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). District courts in the Fifth Circuit "have consistently remanded cases where a notice of removal included only an allegation of consent of a defendant not joining in the notice of removal." *McFarland v. Protective Ins. Co.*, 2019 WL 351150, at *2 (E.D. La. Jan. 29, 2019) (citing *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 707 (E.D. Tex. 2011) (collecting cases)).

The Fifth Circuit has recognized three exceptions to the rule of unanimity: (1) non-removing defendants who are improperly or fraudulently joined; (2) non-removing defendants who are merely nominal or formal parties; and (3) non-removing defendants who have not been served by the time of removal. *Wagner*, 2019 WL 626430, at *3 (citations omitted); *World Prayer Tabernacle v. Certain Underwriters at Lloyd's*, 2022 WL 4949125, at *1 (E.D. La. Oct. 4, 2022). And it has also "recognized that 'sometimes exceptional or unique circumstances might permit removal after the expiration of the thirty-day period prescribed by § 1446(b).'" *Cavalier v. Progressive Paloverde Ins. Co.*, 2021 WL 4772108, at *2 (E.D. La. Oct. 12, 2021) (quoting *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011)). This additional exception has only been granted by the Fifth Circuit in the "unique" case of *Gillis v. Louisiana*, 249 F.3d 755 (5th Cir. 2002), in which "the non-removing defendant did not file its written consent in thirty days because consent could be authorized only at a board meeting, and the plaintiff, who was also the chairman of the board, had interposed scheduling conflicts that prevented timely consent." *Cavalier*, 2021 WL 4772108, at *2. Such "exceptional circumstances" will generally be found, then, only when the non-removing defendant's "lack of timely consent arises from plaintiff's conduct, such as plaintiff's 'bad faith efforts to prevent removal.'" *Id.* (quoting *Ortiz*, 431 F. App'x at 307-08).

Thus, the Fifth Circuit has instructed district courts to consider the reasonableness of the removing defendant's actions and whether the circumstances (*e.g.,* plaintiff's conduct) were sufficiently "exceptional" to justify a departure from the rule of unanimity. *Getty*, 841 F.2d at 1263.

### C. Amazon's Removal Was Procedurally Defective

Although Plaintiffs present two distinct issues in the motion to remand, the lack of unanimous consent to removal provides sufficient grounds to grant the motion.[34] Plaintiffs argue that removal is defective due to Amazon's failure to file into the court record notices of consent as to all properly joined and served defendants within the 30-day period for removal.[35] After careful consideration, the Court agrees that Amazon's removal was procedurally defective.

Each defendant must consent to removal and cannot rely on the removing party's allegation of consent by the non-removing defendants. *See Getty*, 841 F.2d at 1262 & n.11; *McFarland*, 2019 WL 351150, at *2. Among the defendants who are assumed to be properly joined and who were properly served prior to removal, only Lancer and Brian Davis timely consented to removal.[36] This leaves the insurers Prime Insurance and Great American as the only defendants properly joined and served before Amazon's removal whose consent to removal was not timely made a part of the court record. But Amazon alleges that Prime Insurance and Great American did consent to removal by means of emails dated July 13 and 14, 2023, respectively, and Amazon attaches these emails to the "proof of consent to removal" it filed into the record on July 17, 2023.[37] This "proof

---

[34] R. Doc. 2-1 at 13. Consequently, the Court does not reach Plaintiffs' contention that the nondiverse Amazon Supervisors were properly joined and that, as a result, the case should be remanded for lack of diversity. Instead, the Court will assume for purposes of this motion that the Amazon Supervisors were not properly joined and thus should be ignored.

[35] R. Doc. 26 at 2.

[36] R. Docs. 9; 10. Defendants B3 and Kirksey also timely consented to removal, R. Docs. 10; 24, but the record does not contain proof that they were served before Amazon's removal of the case. The record reflects that defendants Mota and White were served before Amazon's removal, R. Docs. 12-4 at 2; 15-1 at 43, 102, but, again, as Amazon Supervisors, they are assumed for purposes of this analysis to be improperly joined and so are ignored.

[37] R. Doc. 32.

7

of consent" cannot carry the weight Amazon places on it, though, because no "*timely* filed written indication" of consent by Great American or Prime Insurance was filed into the record within the 30-day period for removal, which ended on July 13, 2023.[38]  *See Getty*, 841 F.2d at 1262 n.11; *Waguespack v. Homesite Ins. Co.*, 2022 WL 612071, at *2 (E.D. La. Feb. 28, 2022) ("Here, [defendant]'s notice of consent to removal was filed 31 days after the defendants were served. Thus, it was untimely.").  Nor are the emails, in and of themselves, sufficient to establish that Great American and Prime Insurance's purported "consent" to the removal was timely.  After all, it is well-established "that private emails between counsel are insufficient to constitute written consent as they fail to put either the Court or the plaintiff on notice." *Taco Tico of New Orleans, Inc. v. Argonaut Great Cent. Cent. Ins. Co.*, 2009 WL 2160436, at *2 (E.D. La. Jul. 16, 2009) (citing *Johnson v. Health Bilal*, 2009 WL 981696, at *2 (E.D. La. Apr. 13, 2009), and *Marshall v. Air Liquide-Big Three, Inc.*, 2006 WL 286011, at *3 (E.D. La. Feb. 7, 2006)).

In short, "[b]ecause no written consent was timely filed by [all properly joined and served non-removing defendants], and because such consent cannot be filed outside of the thirty day time period, Plaintiffs have raised a procedural defect that requires remand." *Melton v. Toney*, 2017 WL 11543680, at *6 (M.D. La. Dec. 5, 2017), *adopted*, 2017 WL 11543720 (M.D. La. Dec. 21, 2017); *see also Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012) ("Failure to join in removal is a procedural defect that cannot be cured by untimely notice of consent" and cannot be remedied after the 30-day period for removal has ended).  Therefore, absent an exception to the rule of unanimity, Amazon's removal is defective, and the case must be remanded.

---

[38] Amazon, Great American, and Prime Insurance were all served on June 13, 2023.  R. Docs. 12-4 at 1, 4-5; 15-1 at 98-100.

Regarding the first two exceptions (non-removing defendants who are improperly or fraudulently joined or are merely nominal or formal parties), the five nondiverse Amazon Supervisors are here assumed to have been improperly joined and thus are ignored.[39] But no party contends that the insurer-defendants Great American and Prime Insurance are improperly joined or nominal parties. Therefore, these exceptions do not apply to these two defendants. Proceeding to the third exception (non-removing defendants who have not been served by the time of removal), Prime Insurance and Great American were served on June 13, 2023, and the case was removed on June 15, 2023.[40] Thus, these defendants were served by the time of removal, so the third exception does not apply to them.

Although the three exceptions to the rule of unanimity do not apply in this case, Amazon points to the decision in *Wagner v. Government Employees Insurance Co.* to argue that "exceptional circumstances" warrant departure from the rule and a denial of the motion to remand. In *Wagner*, the plaintiffs delayed entering into the state-court record an affidavit of service of process for the non-removing defendant until after removal. *Wagner*, 2019 WL 626430, at *5. Prior to removal, the removing defendant "attempted several times to ascertain whether [the non-removing defendant] had been served," including, most notably, in a conversation with the plaintiffs the day before filing its notice of removal during which plaintiffs failed to advise that the non-removing defendant had been served more than a month before the conversation. *Id.* The *Wagner* court found that because the removing defendant "acted on the information before it at the time of removal and sought to obtain consent to removal from all of the defendants," exceptional circumstances permitted removal even though the consent of a properly joined and served non-removing defendant had not been filed into the court record within the 30-day period. *Id.*

---

[39] R. Doc. 4 at 5.
[40] R. Docs. 12-4 at 4-5; 4 at 1.

9

In contrast, the court in *Cavalier v. Progressive Paloverde Insurance Co.* distinguished *Wagner* and found that the removing defendant failed to "act with the requisite diligence to warrant an exception to the consent requirement." *Cavalier*, 2021 WL 4772108, at *2-4. The removing defendant there represented that its only effort to obtain consent was calling the state-court clerk before removal to determine whether the non-removing defendant had been served. *Id.* at *3 (comparing *Wagner*, where the removing defendant diligently attempted to contact its co-defendants several times to obtain consent for removal and had spoken to plaintiffs who had kept silent about service on defendants). The *Cavalier* court found that the removing defendant's "lack of diligence in reaching out to [the non-removing defendant] is even less excusable given that plaintiff's state court petition included the name and address of [the non-removing defendant's] agent for service." *Id.*; *see also World Prayer Tabernacle*, 2022 WL 4949125 at *4 ("[M]inimal steps, such as a phone call to the plaintiff, would likely have sufficed to determine whether [the non-removing defendants] had been served. Because [the removing defendant] cannot point to diligent or good faith efforts to obtain the consent of [the non-removing defendants], this Court finds no exceptional circumstances which would justify removal of this case.").

Here, Amazon has failed to demonstrate sufficient effort to ascertain the status of service on, or to obtain consent from, its named co-defendants, including particularly Great American and Prime Insurance, within the 30-day removal period. Unlike the removing defendant in *Wagner*, Amazon points to no attempts it made to determine whether the other named defendants had been served before removal, other than ordering and attaching the state-court record to its notice of removal.[41] In *Cavalier*, the removing defendant called the state-court clerk to inquire whether the non-removing defendant had been served, and the court still found that the defendant had not acted

---

[41] R. Docs. 31 at 1; 4 at 1-2.

with the requisite diligence to justify an exception to the consent requirement. Generally, courts have not found exceptional circumstances to warrant an exception to the unanimity rule when the removing defendant simply relied on the state-court record at the time of removal; instead, they require that the removing defendant make a diligent effort to contact the non-removing defendants to ask about service. *Id.* at *2 (citing *Dupree v. Torin Jacks, Inc.*, 2009 WL 366332, at *5 (W.D. La. Feb. 12, 2009) ("[T]he absence of record evidence of service, standing alone, does not automatically equal exceptional circumstances."); *Grant v. FCA US, LLC*, 2019 WL 2635930, at *2 (E.D. La. June 27, 2019) ("Considering Defendant['s] failure to attempt to contact the other Defendants ... the Court finds that the facts do not present an exceptional circumstance, and remand is appropriate.")).

Even if Amazon was unaware that other properly joined defendants had been served prior to removal (as does appear to have been true from the state-court record it attached to its notice of removal),[42] Plaintiffs raised the issue of unanimous consent in their motion to remand, which was filed on June 28, 2023, just 13 days after Amazon's notice of removal – and, significantly, still 15 days before the 30-day removal period expired.[43] With its motion to remand, Plaintiffs provided the proofs of service on Great American and Prime Insurance, among others.[44] Further, with its own compliance memorandum filed on July 3, 2023, 18 days after removal, but 10 days before expiration of the 30-day period, Amazon also included the service returns for Great American and Prime Insurance reflecting that they had been served on June 13, 2023, two days before the June 15 removal.[45] Therefore, Amazon had actual notice of service on these two defendants well within the 30-day period. Yet, Amazon waited until July 13 and 14 to contact Great American and Prime

---

[42] R. Doc. 1-2.
[43] R. Doc. 12-1 at 13 (attaching R. Doc. 12-4).
[44] R. Doc. 12-4 at 1-9.
[45] R. Doc. 15-1 at 98, 100.

Insurance about their consent and did not file a written indication of such consent until after the 30-day period lapsed.  Consequently, the Court finds that Amazon did not make diligent efforts either to obtain consent of all properly joined and served non-removing defendants, or to file into the record a timely written indication of such consent.  Moreover, this case does not involve any allegation or indication of bad faith or forum manipulation by Plaintiffs.  *See e.g., Forman v. Equifax Credit Info. Svcs., Inc.*, 1997 WL 162008, at *1 (E.D. La. Apr. 4, 1997) ("There is no evidence, nor any allegation, that plaintiff withheld service to defeat removal or otherwise acted in bad faith in an attempt to manipulate the forum.").

Lastly, Amazon suggests that the proper manner of proceeding is to allow the properly joined and served defendants to first make their appearance and then take a position as to whether they consent to the removal of this matter.[46]  However, "[d]istrict courts have no power to overlook procedural errors related to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice." *Grigsby v. Kansas City So. Ry. Co.*, 2012 WL 3526903, at *3 (W.D. La. Aug. 13, 2012); *see also Cornella v. State Farm Fire & Cas. Co.*, 2010 WL 2605725, at *3 (E.D. La. June 22, 2010) ("[T]he Court cannot cut jurisdictional corners as doing so would be contrary to Fifth Circuit jurisprudence.").  Thus, this argument fails.

---

[46] R. Doc. 31 at 3.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand (R. Doc. 12) is GRANTED, and this case is REMANDED to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 26th day of July, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE